ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

April 20, 2009

The Honorable Pete Gallego
Chair, Committee on Criminal Jurisprudence
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0709

Re: Authority of a county attorney to issue commissions for reserve or nonpaid peace officers (RQ-0730-GA)

Dear Representative Gallego:

You have requested that we answer a question submitted by your colleague, Representative Joe Driver, former chair of the Committee on Law Enforcement. We were asked whether a county attorney has authority to commission reserve or nonpaid peace officers.[1] We find no reference in the statutes to a "nonpaid" peace officer and thus consider a county attorney's authority only with respect to "reserve" peace officers. *But see* TEX. WATER CODE ANN. § 60.0775 (Vernon Supp. 2008) (describing volunteer police reserve force).

The term "reserve law enforcement officer" is defined in section 1701.001, Occupations Code, to mean those officers appointed under sections 85.004, 86.012, and 341.012, Local Government Code, and section 60.0775, Water Code. TEX. OCC. CODE ANN. § 1701.001(6) (Vernon Supp. 2008). Respectively, those provisions authorize the appointment of sheriff and constable reserve deputies, a municipal reserve police force, and a navigation district volunteer police reserve force. *See* TEX. LOC. GOV'T CODE ANN. §§ 85.004 (Vernon 2008) (providing for appointment of reserve deputies by the sheriff), 86.012 (providing for the appointment of reserve deputy constables), 341.012 (Vernon 2005) (authorizing the governing body of a municipality to establish a police reserve force); TEX. WATER CODE ANN. § 60.0775 (Vernon Supp. 2008) (providing for the establishment of a volunteer police reserve force). Chapter 1701 contains no authorization for a "reserve" peace officer under the auspices of a county attorney.

Three of the provisions in section 1701.001 defining reserve law enforcement officer are also referenced in article 2.12, Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 2.12 (Vernon Supp. 2008). In article 2.12, the definition of the term peace officer includes express reference to particular reserve officers. Article 2.12(1) provides that "reserve [sheriff] deputies who hold a permanent peace officer license issued under Chapter 1701, Occupations Code" are peace officers. *See id.* art. 2.12(1). And "reserve deputy constables who hold a permanent peace officer

---

[1]*See* Request Letter (*available at* http://www.texasattorneygeneral.gov).

license issued under Chapter 1701" are peace officers. *See id.* art. 2.12(2). Finally, "reserve municipal police officers who hold a permanent peace officer license issued under Chapter 1701" are defined by article 2.12 as peace officers. *See id.* art. 2.12(3). Aside from these three sections, article 2.12 makes no provision for other types of "reserve" peace officers.

Chapter 41 of the Government Code governs the powers and duties of county attorneys. *See generally* TEX. GOV'T CODE ANN. §§ 41.001–.310 (Vernon 2004 & Supp. 2008). It authorizes a county attorney to *"employ . . . investigators." Id.* § 41.102(a) (Vernon Supp. 2008) (emphasis added). An investigator of a county attorney is defined as a peace officer under the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 2.12(5) (Vernon Supp. 2008) (defining the term "peace officer" to include investigators of county attorneys). However, we find no authority in chapter 41 for a county attorney to commission or appoint "reserve" investigators or peace officers.

In chapter 1701 of the Occupations Code and article 2.12 of the Code of Criminal Procedure, the Legislature specifically enumerated those officers with authority to appoint "reserve" peace officers and thereby demonstrated it knows how to bestow that authority. *See FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 885 (Tex. 2000) (relying on the principle of statutory construction that the Legislature knows how to enact laws effectuating its intent); *accord CenterPoint Energy Houston Elec., LLC v. Gulf Coast Coal. of Cities*, 263 S.W.3d 448, 461 (Tex. App.—Austin 2008, pet. filed). It has not provided that authority with respect to county attorneys. Further, chapter 41 of the Government Code does not authorize a county attorney to appoint "reserve" investigators or peace officers. *See* TEX. GOV'T CODE ANN. §§ 41.001–.310 (Vernon 2004 & Supp. 2008). Public officers, such as a county attorney, possess only such powers as are expressly conferred upon them by law or are necessarily implied from the powers so conferred. *See Bullock v. Calvert*, 480 S.W.2d 367, 371 (Tex. 1972). Thus, because no statute provides express or necessarily implied authority, we must conclude that a county attorney is not authorized to appoint reserve peace officers.

## S U M M A R Y

A county attorney is not authorized to appoint reserve peace officers.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee